# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-831V**

ALINE CRAWFORD,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 1, 2026

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Crystal Fialkowski U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On May 29, 2024, Aline Crawford filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – a shoulder injury related to vaccine administration ("SIRVA") - as a result of her receipt of an influenza vaccine on October 27, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. On April 24, 2025, a ruling on entitlement issued finding Petitioner entitled to compensation. ECF No. 18. Because the parties could not informally resolve the issue of damages, however, they were ordered to file briefs

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

setting forth their respective arguments, and were notified that I would resolve this dispute via an expedited "Motions Day" hearing, which took place on July 26, 2026.

Petitioner seeks an award of $95,000.00 in compensation for Petitioner's pain and suffering. Respondent recommends an award of $82,500.00**.** At the July 26, 2026 hearing, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. As discussed during my oral ruling, in another recent decision I discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections I and II of *Timberlake v. Sec'y of Health & Hum. Servs*., No. 20-1905V, 2025 WL 721730, at *1-3 (Fed. Cl. Spec. Mstr. Feb. 19, 2025) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein.

Based on my consideration of the complete record as a whole, and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $90,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.**[3]

Accordingly, **I award Petitioner a lump sum of $90,000.00 for pain and suffering to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.