# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-831V**

| | |
|---|---|
| ALINE CRAWFORD,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 1, 2026 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Crystal Fialkowski, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On May 29, 2024, Aline Crawford filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.2 (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – a shoulder injury related to vaccine administration - as a result of her receipt of an influenza vaccine on October 27, 2022. Petition at 1. On July 1, 2026, I issued a decision awarding compensation to Petitioner. ECF No. 34.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $71,081.70 (representing $67,830.80 in fees plus $3,250.90 in costs). Application for Attorneys' Fees and Costs ("Motion") filed August 12, 2026, ECF No. 41. Furthermore,

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

counsel for Petitioner represents that no personal out-of-pocket expenses were incurred by Petitioner. *Id.* at 3.

Respondent reacted to the Motion on August 26, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No.42. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates for attorneys Jonathan Svitak, Nathan Marchese, and Elizabeth Hess:

| | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|
| Jonathan Svitak | $380 | X | $450 | $495 |
| Nathan Marchese | X | $410 | $445/$470 | X |
| Elizabeth Hess | X | X | $450 | $495 |

The rates requested for attorney Svitak require no adjustment. The same is true for Mr. Marchese's 2024 rate – but his requested 2025 rate does need to be addressed.

Attorney Marchese billed several hours of work at the higher rate of $470.00, but after being previously awarded the lesser rates of $445.00 for time billed in 2025. *See Smith v. Sec'y of Health & Hum. Servs.,* No. 24-0748V, 2025 WL 2453259 (Fed. Cl. Spec. Mstr. Jul. 24, 2025). I find no reason to deviate from those determinations, and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson v. Sec'y of Health & Hum. Servs.*, No. 19-1882, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce the rates to be consistent with *Smith*. **Application of the foregoing reduces the fees to be awarded herein by $52.50**.[2]

Petitioner has also requested an increased hourly rate of $495.00 for 2026 work performed by Attorney Hess, representing an increase of $45.00 from the previous year. I find the proposed rate to be reasonable and hereby award it herein. And all time billed to the matter was also reasonably incurred.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 41-4. Respondent offered no specific objection to the amounts sought. I find the requested costs reasonable, and they shall be awarded in full.

[2] This amount is calculated as follows: $470 - $445 = $25 x 2.10hrs = $52.50.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $71,029.20 (representing $67,778.30 in fees plus $3,250.90 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.